**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRIA C. BLACKMON,

    Petitioner,

v.                                                        Case No. 19-11003

SHAWN BREWER,

    Respondent.
_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE PETITION FOR HABEAS CORPUS, CONSTRUING PETITIONER'S MOTION TO STAY AS A MOTION TO AMEND, GRANTING THE MOTION, AND SETTING DEADLINE FOR FILING OF AN AMENDED PETITION AND RESPONSE**

On April 4, 2019, Petitioner Bria Blackmon, an inmate at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan, filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a life sentence for first-degree premeditated murder, Mich. Comp. Laws. § 750.316(1)(a), first-degree felony murder, Mich. Comp. Laws. § 750.316(1)(b), armed robbery, Mich. Comp. Laws. § 750.529, conspiracy to commit armed robbery, Mich. Comp. Laws. § 750.157a, and illegal use of a financial transaction device, Mich. Comp. Laws. § 750.157n. Her petition raises three claims for relief related to her trial in Macomb County and has been fully briefed.

On February 5, 2020, through newly retained counsel, Petitioner filed a "combined motion and brief to hold case in abeyance to permit time to review record

and supplement pro se pleadings." (ECF No. 9. PageID.1229.) The Respondent concurred[1] with the relief requested in the motion. (*Id.* at PageID.1231.)

Although Petitioner's motion is titled as a request to hold this case in abeyance, it is more properly cast as a motion to amend. The Supreme Court has approved a "stay-and-abeyance" procedure that allows district courts to stay a federal proceeding and to hold a habeas petition in abeyance while the petitioner returns to state court and raises unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). Based on the substance of the motion, it does not appear that Petitioner is seeking leave to return to state court and pursue unexhausted claims but rather requests the opportunity to refine her ineffective assistance of counsel claim, specifically the failure of trial counsel to move to sever Petitioner's trial from the trial of her co-defendant. (ECF No. 9, PageID.1229.) At this time, it is not clear whether Petitioner properly exhausted her claims. But assuming for purposes of the instant motion that she did, amendment—rather than stay and abeyance—is the proper form of relief because counsel seeks develop a claim Petitioner already raised in her original petition.

The court ordinarily disfavors requests to delay consideration of a habeas petition when such requests amount to little more than a fishing expedition, such as when a petitioner requests additional time to *obtain* counsel or to pursue *unspecified* claims. But that does not appear to be the present situation in the instant motion. Petitioner has already obtained counsel and counsel has identified a sufficiently narrow scope of

---

[1] Requested relief to which the opposing party does not object should be submitted to the court as stipulated proposed orders, not presented in motion format. Stipulations are to be submitted using the Utitiles section of ECF and not filed directly on the docket. *See* LR-APPENDIX ECF R11.

inquiry. The court is persuaded that a short, 60-day delay in these proceedings is an appropriate amount of time to allow counsel to review the record and file a revised petition pursuant to Federal Rule of Civil Procedure 15, especially considering the fact that Respondent does not oppose the motion. Thus, the court will construe the instant motion as a motion to amend and will grant the motion. The court will deny without prejudice the original petition and allow Petitioner, through counsel, to file a new petition containing *all* of Petitioner's claims. The court expects that the amended petition will supplant the pro se petition. The court intends to review only the claims and arguments advanced in the amended petition and will not consider any of the arguments raised in the original petition. Additionally, the court will order a response to the amended petition. In the event counsel does not file a new petition, the court will re-docket the original pro se petition and will address the petition on its merits. Accordingly,

IT IS ORDERED that the petition for habeas corpus (ECF No. 1) is DENIED WITHOUT PREJUDICE and that Petitioner's motion to stay and hold in abeyance (ECF No. 9) is CONSTRUED as a motion to amend and is GRANTED.

IT IS FURTHER ORDERED that Petitioner's amended petition is due by **April 13, 2020**, and that the response is due **June 13, 2020**. If Petitioner does not file an amended petition by this date, the court will re-docket her original petition and will decide the petition on its merits based on the existing filings.

s/Robert H. Cleland           /<br>ROBERT H. CLELAND<br>UNITED STATES DISTRICT JUDGE

Dated: February 24, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 24, 2020, by electronic and/or ordinary mail.

                                                     <u>s/Lisa Wagner              /</u>
                                                     Case Manager and Deputy Clerk
                                                     (810) 292-6522

S:\Cleland\Cleland\HEK\Habeas\19-11003.BLACKMON.grant.stay.HEK.docx